

Joseph P. Moodhe
Nwamaka G. Ejebe
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
jpmoodhe@debevoise.com
*Co-counsel for Petitioners*

Dan J. Schulman
Deric Gerlach
Schulman Blackwell LLP
11 Broadway, Suite 615
New York, New York 10004
(646) 688-5214
dschulman@schulmanblackwell.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) PTE. LTD. and YANTAI CIMC RAFFLES OFFSHORE LTD., <br><br> Petitioners, <br><br> - against - <br><br> SORATU DRILLING LLC and BAERFIELD DRILLING LLC, <br><br> Respondents. | 14 Civ. _____ (\_\_\_) |

**PETITION FOR CPLR 7502(c) ATTACHMENTS**

Petitioners CIMC Raffles Offshore (Singapore) Pte. Ltd. and Yantai CIMC

Raffles Offshore Ltd. (collectively "CIMC Raffles"), by and through their undersigned attorneys,

respectfully allege as and for their Petition against Respondents Soratu Drilling LLC ("SDL")

and Baerfield Drilling LLC ("BDL") as follows:

**NATURE OF THE ACTION**

1.      This is an action for orders of attachment pursuant to NY CPLR 6212(a),

incorporated by Fed. R. Civ. P. 64. The attachments are being sought in aid of two arbitrations

CIMC Raffles has currently pending in the UK against BDL and SDL, for their respective

failures to pay sums due under two Shipbuilding Contracts, each dated July 12, 2006 (as amended). In the SDL arbitration, CIMC Raffles is seeking $82,136,319.16 (through March 31, 2014) together with 12% interest after March 31, 2014. In the BDL arbitration, CIMC Raffles is currently seeking $60,279,501.11 (through March 31, 2014), together with contractual interest at 12% after March 31, 2014.

2.      By Memorandum Order dated September 25, 2013 (interest calculations corrected October 4, 2013) (the "Memorandum Order") this Court previously recognized two Interim Final Awards entered by the UK arbitrators against SDL and BDL, in the approximate aggregate amount of $20.8 million. (Dkt. Nos. 29 & 31, 13 Civ. 4932 & 4933 (JSR).) Thereafter, in a related matter, this Court found Respondents in civil contempt, and assessed Respondents $400,000 for their contempt of Court. (Dkt. No. 122, 13 Civ. 0052 (JSR).)

3.      CIMC Raffles is seeking an order of attachment so as to prevent future arbitration awards from being rendered ineffectual. CIMC Raffles is filing this motion now because, on information and belief, SDL and BDL are in the process of re-financing (in a single transaction) their only assets, the SS Pantanal and the SS Amazonia, respectively (the "Vessels"). Such re-financing may effectively securitize and eliminate all equity in the two Vessels, thereby preventing CIMC Raffles from recovering on the anticipated future arbitration awards.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332(a)(2) (diversity). This action is brought by citizens of two foreign states against citizens of a State, and the amounts in controversy ($82.1 million against SDL and $60.2 million against BDL) each far exceed the jurisdictional requirements.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), 28 U.S.C. § 1391(c)(2), and 28 U.S.C. § 1391(d).

## THE PARTIES

6.      Petitioner CIMC Raffles Offshore (Singapore) Pte. Ltd. is a company organized under the laws of Singapore.

7.      Petitioner Yantai CIMC Raffles Offshore Ltd. is a company organized under the laws of the People's Republic of China.

8.      Respondent Soratu Drilling LLC is a limited liability company organized under the laws of Delaware. SDL is not qualified to do business in New York, but the Court has general personal jurisdiction over SDL, as previously found in the Court's Memorandum Order.

9.      Respondent Baerfield Drilling LLC is a limited liability company organized under the laws of Delaware. BDL is not qualified to do business in New York, but the Court has general personal jurisdiction over BDL, as previously found in the Court's Memorandum Order.

## FACTUAL BACKGROUND

10.      On July 12, 2006, CIMC Raffles and SDL entered into a Shipbuilding Contract. Under the SDL Shipbuilding Contract, the First Petitioner agreed to construct, launch, complete, test, commission, sell and deliver to SDL, one semi-submersible drilling vessel that was subsequently named the "SS Pantanal," and SDL agreed to purchase, take delivery and pay for the vessel.

11.      Also on July 12, 2006, CIMC Raffles and BDL entered into a separate (but substantively identical) Shipbuilding Contract, under which First Petitioner agreed to construct, launch, complete, test, commission, sell and deliver to BDL, one semi-submersible

drilling vessel that was subsequently named the "SS Amazonia," and BDL agreed to purchase, take delivery and pay for the vessel.

12.    Each Shipbuilding Contract contained, in Article XX, an arbitration agreement that required the Parties to resolve "any dispute of any nature aris[ing] in respect" of the Shipbuilding Contract by arbitration in London, England and in accordance with the rules of the London Maritime Arbitrators Association and the provisions of the Laws of England. Article XX of the Shipbuilding Contracts further provided that any arbitration award rendered would be "final and binding upon the Parties" and "[t]he Parties hereto hereby expressly waive any right to appeal any such arbitration award."

13.    SDL's Shipbuilding Contract required SDL to purchase the SS Pantanal for the amount of $234,000,000, subject to contractual adjustments, and to make payments through a series of milestone installments. In addition to the contract price, SDL was also obligated to pay a certain amount for any change in orders it requested to the construction of the vessel.

14.    Similarly, BDL's Shipbuilding Contract required BDL to purchase the SS Amazonia for the amount of $234,000,000, subject to contractual adjustments, and to make payments through a series of milestone installments. In addition to the contract price, BDL was also obligated to pay a certain amount for any change in orders it requested to the construction of the vessel.

15.    SDL and CIMC Raffles executed twelve amendments to the SDL Shipbuilding Contract. None of the amendments altered the agreement to arbitrate. (In the Third Amendment to the SDL Shipbuilding Contract, dated February 15, 2007, the Second Petitioner

was added to the contract as a "Co-Builder," and assumed, jointly and severally, all of the rights guaranteed to the First Petitioner.)

16. In the Eleventh and Twelfth Amendments to the SDL Shipbuilding Contract, dated September 27, 2009 and May 24, 2010, respectively, the Parties agreed that some of the milestone payments that SDL was required to make before the delivery of the SS Pantanal could be deferred and made due and payable after the delivery in installment payments.

17. In addition, in the Eleventh Amendment to the SDL Shipbuilding Contract, SDL agreed to establish a revenue account in favor of CIMC Raffles to receive part of the proceeds from the chartering of the SS Pantanal, which proceeds were to be used to secure payments owed to CIMC Raffles.

18. BDL and CIMC Raffles entered into eight amendments to the BDL Shipbuilding Contract. None of the amendments altered the agreement to. (In the Second Amendment to the BDL Shipbuilding Contract, dated September 12, 2006, the Second Petitioner was added to the contract as a "Co-Builder," and assumed, jointly and severally, all of the rights guaranteed to the First Petitioner.)

19. In the Seventh and Eighth Amendments to the BDL Shipbuilding Contract, dated September 27, 2009 and May 24, 2010, respectively, the Parties agreed that some of the milestone payments that BDL was required to make before the delivery of the SS Amazonia could be deferred and made due and payable after the delivery in installment payments.

20. In addition, in the Seventh Amendment to the BDL Shipbuilding Contract, BDL agreed to establish a revenue account in favor of CIMC Raffles to receive part of the

proceeds from the chartering of the SS Amazonia, which proceeds were to be used to secure payments owed to CIMC Raffles.

21.    CIMC Raffles delivered the SS Pantanal to SDL on November 15, 2010. At the time of delivery, CIMC Raffles provided SDL with a final invoice. In accordance with a liquidated damages provision in the SDL Shipbuilding Contract, CIMC Raffles credited SDL $11.7 million in the final invoice. With that credit, the final invoice reflected that SDL still had to pay the balance of the contract price and change order payments.

22.    Without any reservations, SDL accepted the delivery of the SS Pantanal and signed the delivery documents and the final invoice, thus confirming its satisfaction with the completeness of the vessel and agreeing to pay the remaining sums due.

23.    CIMC Raffles delivered the SS Amazonia to BDL on April 25, 2011. At the time of delivery, CIMC Raffles provided BDL with a final invoice. In accordance with a liquidated damages provision in the BDL Shipbuilding Contract, CIMC Raffles credited BDL $11.7 million in the final invoice. And with that credit, the final invoice reflected that BDL still had to pay the balance of the contract price and change order payments.

24.    Without any reservations, BDL accepted the delivery of the SS Amazonia and signed the delivery documents and the final invoice, thus confirming its satisfaction with the completeness of the vessel and agreeing to pay the remaining sums due.

25.    However, SDL and BDL did not make payments at the required times, nor did they make any payments on the contract price or the change orders once the Vessels had been delivered.

26.    In addition, SDL and BDL did not establish the revenue accounts as required under the amendments to their Shipbuilding Contracts. Instead, as SDL and BDL have

testified or stated in pleadings and papers filed in this Court, all payments SDL and BDL receive from chartering the Vessels to Petróleo Brasileiro S.A. (Petrobras) are made to accounts at Deutsche Bank Trust Company Americas, where they secure debts owed to SDL's and BDL's bank lenders.

27.     Following the procedures established in Article XX of the Shipbuilding Contracts, CIMC Raffles submitted its Notices of Arbitration to SDL and BDL on December 22, 2011. SDL and BDL asserted counterclaims against CIMC Raffles in the UK arbitrations: contract claims (which were dismissed), fraud claims (which were withdrawn), and claims for "misrepresentation," because CIMC Raffles allegedly did not have sufficient capacity or capability to build the two Vessels on time.

28.     CIMC Raffles denies the vast majority of SDL's and BDL's counterclaims (and to the extent that any counterclaims may be valid, they amount to less than $500,000), and vigorously disputes that it did not have sufficient capacity or capability to build the two Vessels. In fact, CIMC Raffles is one of the largest shipyards in the world, has built nine semi-submersible drilling rigs, and has nearly 4,000 employees of its own, as well as some 8,000 sub-contractors.

29.     The UK arbitrators granted Interim Final Awards on CIMC Raffles's claims against SDL and BDL in the aggregate amount of approximately $20.8 million. CIMC Raffles also obtained a consent judgment against Respondents' affiliate, Schahin Holding S.A., for over $67,000,000 in a related High Court proceeding in the UK. In the Memorandum Order, this Court recognized and enforced the Interim Final Awards. Still remaining to be determined in the UK arbitrations are CIMC Raffles's claims for approximately $82.1 million against SDL and approximately $60.2 million against BDL.

30.     SDLs' and BDL's only substantial assets are the Vessels, which are already heavily encumbered with secured mortgages.

31.     SDL and BDL have represented that their bank lenders have secured liens on all of SDL's and BDL's known New York bank accounts.

32.     On information and belief, SDL and BDL are in the process of seeking refinancing on the Vessels. If the refinancing takes place, it would severely reduce the remaining equity in Respondents' assets and impair or eliminate Petitioners' ability to secure payment on their forthcoming UK arbitration awards.

## PRAYER FOR RELIEF

WHEREFORE, Petitioners CIMC Raffles Offshore (Singapore) Pte. Ltd. and Yantai CIMC Raffles Offshore Ltd. respectfully request that this Court issue orders of attachment in aid of arbitration as follows: an attachment in the amount of $82,136,319.16 against Respondent Soratu Drilling LLC; and an attachment in the amount of $60,279,501.11 against Respondent Baerfield Drilling LLC. All of these attachments are to be assessed, up to the specified amount of the attachments, against any and all property Respondents possess or may possess within the State of New York, including, without limitation, funds, securities and other assets or items of value maintained by Respondents with any bank, insurance company, brokerage, oil/gas company, or any other entity (collectively, "Financial Institution or Oil Company"), and any funds, securities, or other assets or items of value to be paid by any entity, including any such Financial Institution or Oil Company, to or on behalf of Respondents, including specifically any payments to be made by any such Financial Institution or Oil Company to a third party on behalf of any Respondent, or in connection with a loan made to

Respondents. The assets are to remain attached and the attachment is to stay in place pending resolution of the underlying UK arbitration.

      Petitioners also seek such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        April 1, 2014

                        **DEBEVOISE & PLIMPTON LLP**

By: _____
                        Joseph P. Moodhe
                        Nwamaka Ejebe
                        919 Third Avenue, 31st Floor
                        New York, New York 10022
                        Tel: (212) 909-6000
                        Email: jpmoodhe@debevoise.com

                        **SCHULMAN BLACKWELL LLP**
                        Dan J. Schulman
                        dschulman@schulmanblackwell.com
                        Deric Gerlach
                        dgerlach@schulmanblackwell.com
                        11 Broadway, Suite 615
                        New York, New York 10004
                        Tel: (646) 688-5214
                        Fax: (646) 304-1117

                        *Co-counsel for Petitioners CIMC Raffles*
                        *Offshore (Singapore) Pte. Ltd. and Yantai*
                        *CIMC Raffles Offshore Ltd.*