UNITED STATES DISTRICT COURT           <u>Effective May 22, 2006</u>
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x     **NOTICE OF COURT CONFERENCE**

**CIMC Raffles** ,                            **<u>14CV2279</u>  (JSR)**
**Petitioner**

            **v.**

                             ┌─────────────────────────────┐
                             │ **USDC SDNY** │
**Soratu Drilling** ,                  │ **DOCUMENT** │
**Respondant**                    │ **ELECTRONICALLY FILED** │
                             │ **DOC # _____** │
                             │ **DATE FILED:** April 23,  2014 │
                             └─────────────────────────────┘

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

To:  The Attorney(s) for Plaintiff(s) and Defendant(s):

       Judge Rakoff has ordered that counsel for all parties attend a conference, at the time and place fixed below, to report the status of this litigation and to consider other relevant matters. You are directed to furnish all attorneys in this action with copies of this notice and enclosures, and to furnish Chambers with a copy of any transmittal letter(s).  If you are unaware of the identity of counsel for any of the parties, you should send a copy of the notice and rules to that party personally, informing the party that any unrepresented party is required to appear at the conference in person.  Counsel are advised to review Judge Rakoff's Individual Rules of Practice, a copy of which is enclosed.

       <u>**DATE AND PLACE OF CONFERENCE** : May 7 , 2014</u>**, AT THE UNITED STATES COURTHOUSE, 500 PEARL STREET, NEW YORK, N.Y. IN COURTROOM 14-B AT** <u>**2:30 p.m.**</u>

       <u>**No application for adjournment will be considered unless made within one week of the date of this notice.**</u>**  The fact that any party has not answered the complaint does not excuse attendance by that party or warrant any adjournment of the conference.  Finally, upon receipt of this notice, please immediately furnish Chambers with a courtesy copy of your complaint and F.R.C.P. Rule 7.1 Statement, if applicable.**

SO ORDERED.

                           S/ *Jed S. Rakoff*
                                 JED S. RAKOFF
                                 U.S.D.J.

DATED:  New York, New York
           April 23, 2014

<u>Effective 9/10/10</u>

## INDIVIDUAL RULES OF PRACTICE
### HON. JED S. RAKOFF

<u>Chambers</u>                                    <u>Courtroom</u>

Room 1340                                    Room 14-B

United States Courthouse          United States Courthouse

500 Pearl Street                          500 Pearl Street

New York, NY 10007                    New York, NY 10007

(212) 805-0401                            (212) 805-0129


**1.   <u>Written Communication</u>**

All communications with Chambers must be by means of joint telephone calls, as described in Rule 2, <u>infra</u>.  Correspondence with the Court, and copying the Court on correspondence with others, is <u>strictly forbidden</u>, except as specifically authorized by these rules or expressly requested by the Court.

**2.   <u>Oral Communication; Motions and Applications</u>**

(a)  No <u>ex</u> <u>parte</u> communication with Chambers is permitted, even on consent of opposing counsel, except for those limited applications in criminal cases <u>expressly</u> permitted by statute to be made <u>ex</u> <u>parte</u>. Counsel for all affected parties must be on the line whenever a telephone call to Chambers is placed;  however, all similarly situated parties may, if they wish, designate a "lead" counsel to represent them on any such call.  The Judge and/or his clerks are normally available to receive telephone calls between 9:00 a.m. - 1:00 p.m and 2:00 p.m -

6:00 p.m.  If calling within these hours, counsel need not schedule a telephone call to Chambers in advance.  Please first provide the docket number of the case when a Chambers staff member answers the telephone. If all lines are busy, the call will be transferred to voicemail.  Any message left on the Chambers voicemail or with Chambers staff must include the docket number of the case and the names and telephone numbers of all participating counsel.

(b)  In order to bring on any contemplated motion or application of any kind whatever, excepting only a motion for admission pro hac vice (which may be filed without prior authorization) or the ex parte criminal applications referred to in the preceding paragraph, counsel for all affected parties must jointly call Chambers in the manner prescribed above.  No party will ever be denied the right to make a motion permitted by law; but if the Court determines that the matter can be resolved telephonically, it will hear the application or motion immediately and issue a ruling then or shortly thereafter (orally, or, if so requested by counsel, in writing).  If, conversely, the matter requires motion papers and/or in-court argument, a schedule for same will be determined at the time of the call.  In criminal cases, telephonic conferences will be limited to scheduling except upon prior consent of defendants.

(c)  If counsel for any party seeks to convene a call to Chambers, counsel for all other affected parties are expected to make themselves available for such a call within 24 hours of the request.  If, after successive attempts, counsel for any affected party is unavailable for the call, the initiating party may then send Chambers and all affected counsel a letter, not to exceed two double-spaced pages, describing the efforts made to convene a conference call and briefly describing the proposed motion or application.  In such a case, per Rule l, supra, no reply or other correspondence is permitted, but a conference with the Court will be promptly arranged.  Notwithstanding these rules applicable to parties represented by counsel, if one of the parties is

an incarcerated person proceeding <u>pro</u> <u>se</u>, the initiating party may send all affected counsel, the <u>pro</u> <u>se</u> party, and Chambers a letter describing the application.

(d)   Where motion papers are necessary, counsel for the moving party, following the scheduling of the motion, shall file a short Notice of Motion setting forth a one-sentence description of the motion, the schedule for service and filing of the various parties' papers, and the date and time of oral argument as set by the Court. Motion papers shall consist of moving papers, answering papers, and the moving party's reply papers (when permitted).  Any legal memoranda must include a table of authorities, arranged alphabetically, with case citations including accurate pin or jump citations.  Each party must file its respective papers with the Clerk of the Court on the same date that such papers are served. Additionally, on each date that any papers are served and filed, counsel filing those papers must arrange to deliver the same day courtesy non-electronic hard copies to the Courthouse for delivery to Chambers.

(e) Unless otherwise specified by the Court, any memorandum of law submitted with the moving papers or the answering papers on any motion is limited to 25 double-spaced pages, and the reply memorandum is limited to 10 double-spaced pages.  Both the text and footnotes in such memoranda of law must be in 12 point type on 8½ by 11 inch paper (or the electronic equivalent).  If the Court permits letter briefing in lieu of formal memoranda, the rule on font size for text and footnotes still applies.  <u>With respect to motions for summary judgment, Local Civil Rule 56.1 will be strictly enforced</u>.

## 3.   <u>Initial Conferences and Civil Discovery</u>

(a)   <u>In civil cases</u>, an initial conference will be held no later than six weeks after filing of the Complaint (and often

4

earlier) regardless of whether issue has been joined.  Immediately upon receipt of the Notice of Court Conference, plaintiff's counsel must furnish the Court with a courtesy copy of the Complaint.

(b)  No later than one week prior to the initial conference, the parties to a civil case must furnish Chambers with a written report of their agreements or disagreements regarding case management and discovery and a proposed Case Management Plan in a form corresponding to the Court's Case Management Order Form (Form D).  In formulating their case management plan, the parties should bear in mind that all discovery and post-discovery motion practice must be completed prior to the trial-ready date set by the Court, which will appear on the Form D furnished to the parties along with the notice of the initial conference.  Interrogatories are limited to those authorized by Local Civil Rule 33.3(a), and no deposition may extend beyond one business day without prior leave of the Court.  At the initial conference, the Court will issue a binding Case Management Order that, in most cases, will require the case to be ready for trial within five months of the date thereof.

(c)  In criminal cases, an initial conference with the Court will be held promptly after presentment before a Magistrate.  At this conference, in addition to arraignment, the Court will set a schedule for the completion of discovery and the filing of any motions.  Where motions are permitted, the length and format of any memoranda of law must be in accordance with Rule 2(e), supra.

4.   **Trial-Pending Exchanges and Pretrial Orders in Civil Cases**

The trial-pending exchanges among the parties mandated by Fed. R. Civ. P. 26(a)(3) shall be strictly enforced, except that the disclosures prescribed therein may be made 21 (instead of 30) days before trial.  In addition, in all civil cases, the parties shall jointly file with the Court, no later than one week prior to trial, a proposed Pretrial Consent Order  (plus a courtesy non-electronic

hard copy of same for submission to Chambers) consisting of the following items:

(a)     A statement of the facts and other matters on which the parties agree.

(b)     A particularized description of each party's remaining claims, counterclaims, cross-claims, or third-party claims (failure to specify which will be deemed a waiver).

(c)     In a jury case, each party's specific contentions as to the facts that are disputed.  In a non-jury case, each party's proposed findings of fact and conclusions of law.

(d)     A particularized statement of the damages claimed, including amounts, for each claim, counterclaim, cross-claim, or third-party claim.

(e)     A list of the names of the witnesses (both fact witnesses and expert witnesses) that each party intends to call, in the likely order of appearance. This should be a final and binding list, without qualifications or reservations.  A witness whose name appears on the list of more than one party will testify only once but may be examined at that time by all parties on all relevant matters.

(f)     A list of all exhibits to be offered by each party, and particularized objections thereto noted in accordance with Fed. R. Civ. P. 26(a)(3).

(g)     A final estimate of the length of trial (assuming a typical trial day of 9:00 a.m. to 5:00 p.m., Monday through Friday).

**5.    Pretrial Exchanges In Criminal Cases**

Each of the parties in a criminal case must deliver to the Courthouse mailroom for delivery directly to Chambers <u>at least three business days before trial</u>: (a) a list of the witnesses that the party expects to call, in the likely order of appearance, and (b) a courtesy copy of the exhibits that the party expects to offer on its direct case.  Except for good cause shown, these same materials must also be served on all other parties at least two business days before trial.

6.    **<u>Trial Exhibits and Deposition Transcripts In Civil Cases</u>**

In all civil cases, a courtesy copy of each party's pre-marked trial exhibits (with plaintiff's exhibits marked by <u>numbers</u> and defendant's exhibits marked by <u>letters</u>) must be delivered to the Courthouse mailroom for delivery directly to Chambers <u>at least three business days before trial</u>.  At the same time, the parties shall deliver to the Courthouse mailroom for delivery directly to Chambers marked-up copies of the portions of transcripts of depositions intended to be read into evidence, with particularized objections noted thereon in accordance with Fed. R. Civ. P. 26(a)(3).

7.    **<u>Proposed Jury Charges</u>**

In all jury cases, <u>whether civil or criminal</u>, proposed jury charges must be submitted to the Court <u>at least one week prior to trial</u>.  Any proposed jury charges submitted thereafter will not be considered by the Court, except upon a showing that the proposed charge relates to an issue that could not reasonably have been expected to arise at trial.

8.    **<u>Proposed Voir Dire Requests</u>**

In all jury cases, <u>whether civil or criminal</u>, proposed voir dire requests must be submitted to the Court <u>at least three</u>

<u>business days before the start of jury selection</u>.  In both civil and criminal cases, the jury will be selected by the traditional "jury box" method.

9.    **<u>Motions in Limine</u>**

After a trial date is set, any party may, without further leave of Court, serve a motion directed at limiting the proof at trial, provided the motion is served upon all parties by <u>no later than two weeks prior to trial</u>.  All such motions in limine, and any opposition thereto, must be filed with the Clerk of the Court <u>and</u> courtesy copies submitted to Chambers <u>at least one week prior to trial</u>.  Such motions will normally be resolved by the Court on the morning of the first day of trial.

10.   **<u>Stipulations of Settlement and Discontinuance</u>**

No adjournments will be granted on the grounds of settlement unless the parties have submitted to Chambers a stipulation or letter on behalf of all parties affirming that the case has been finally settled and that the Court may dismiss the case with prejudice.  Except for good cause shown, no such stipulation shall be accepted that provides for re-opening of the case more than 30 days after dismissal or that provides for the Court to retain jurisdiction for more than 30 days following dismissal except to enforce injunctive relief.

11.   **<u>Summations in Civil Cases</u>**

In all civil trials, plaintiff's counsel will sum up first, followed by defendant's counsel.  No rebuttal will be allowed unless defendant's counsel makes an argument that plaintiff's counsel could not reasonably have anticipated and dealt with in plaintiff's summation.

12. **Sentencing**

 Sentencing will normally take place within 90 days of the entry of a guilty plea or finding of guilt at trial, except in the case of defendants who have entered into "cooperation agreements" with the Government.  With respect to cooperating defendants, counsel will be required at the time of plea to propose a sentencing date that will give the defendant adequate opportunity to demonstrate substantial assistance and provide the Court with adequate opportunity to assess such assistance.  If adopted by the Court, such sentencing date will not be further extended except upon a showing of unusual circumstances, and in no event will sentencing be adjourned beyond three years from the date of plea. Any written submission relating to any sentence must be submitted to the Court <u>at least one week before the date of sentencing</u>, and any response thereto must be submitted to the Court <u>at least two business days before the date of sentencing</u>.