UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) PTE. LTD. and YANTAI CIMC RAFFLES OFFSHORE LTD., <br><br>          Petitioners,<br><br>- against -<br><br>SORATU DRILLING LLC and BAERFIELD DRILLING LLC,<br><br>          Respondents. | 14 Civ. 2279 (JSR)<br><br>**ECF CASE**<br>**Electronically Filed** |

**MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FORUM NON CONVENIENS**

**DEBEVOISE & PLIMPTON LLP**

Joseph P. Moodhe
Nwamaka Ejebe
Derek Wikstrom
919 Third Avenue, 31st Floor
New York, New York 10022
Tel: (212) 909-6000

**SCHULMAN BLACKWELL LLP**

Dan J. Schulman
Deric Gerlach
11 Broadway, Suite 615
New York, New York 10004
Tel: (646) 688-5214

*Co-counsel for Petitioners CIMC Raffles Offshore (Singapore) Pte. Ltd. and Yantai CIMC Raffles Offshore Ltd.*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS .......................................................................................................... 2

I.     Respondents Are Special Purpose Vehicles that Financed the Construction of the Vessels in New York. .................................................................................................... 3

ARGUMENT ................................................................................................................................ 4

I.     This Court Has Personal Jurisdiction Over the Respondents. ............................................ 4

     A.     The Court Has General Jurisdiction Over Respondents. .........................................4

     B.     The Court also Has Specific Jurisdiction Over Respondents. .................................6

     C.     The Court Has Jurisdiction Over Respondents' New York Assets. ........................7

II.     Respondents' Motion to Dismiss on Forum Non Conveniens Grounds Should Be Denied. ................................................................................................................................ 8

     A.     CIMC Raffles's Choice Of Forum is Entitled to Significant Deference. ................9

     B.     The Private and Public Interest Factors Favor Trying This Case in the Southern District of New York. ...............................................................................10

III.     Respondents' Motion to Transfer to the District of Delaware Should Be Denied. .......... 12

CONCLUSION ........................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**CASES**

*Allied Maritime, Inc. v. Descatrade SA*, 620 F.3d 70 (2d Cir. 2010) .......................................... 7, 8

*Am. Stock Exch., LLC v. Towergate Consultants Ltd.*, No. 03 Civ. 856 (RMB), 2003 WL 21692814 (S.D.N.Y. July 21, 2003) ........................................................................................... 11

*Boguslavsky v. Kaplan*, 159 F.3d 715 (2d Cir. 1998) ...................................................................... 4

*Byrne v. British Broadcasting Corp.*, 132 F. Supp. 2d 229 (S.D.N.Y. 2001) ................................ 11

*CIMC Raffles Offshore (Singapore) Pte. Ltd. v. Baerfield Drilling LLC*, Nos. 13 Civ. 4932 & 4933 (JSR), 2013 WL 5434685 (S.D.N.Y. Sept. 26, 2013) ................................ 1, 4, 6

*CIMC Raffles Offshore (Singapore) Pte. Ltd. v. Schahin Holding S.A.*, No. 13 Civ. 52 (JSR), 2013 WL 4082973 (S.D.N.Y. Aug. 6, 2013) ...................................................................... 8

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) ...................................................................... 1, 5, 6

*Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*, 850 N.E.2d 1140 (N.Y. 2006) .......................... 7

*Faulkner v. Nat'l Geographic Enters.*, 409 F.3d 26 (2d Cir. 2005) ................................................ 5

*Fournier v. Starwood Hotels & Resorts Worldwide, Inc.*, 908 F. Supp. 2d 519 (S.D.N.Y. 2012) ............................................................................................................................................ 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011) ............................. 5, 6

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) ......................................................................... 9, 10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) .................................... 7

*Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303 (2010) .......................................................... 8

*Intercontinental Monetary Corp. v. Performance Guarantees, Inc.*, 705 F. Supp. 144 (S.D.N.Y. 1989) ............................................................................................................................ 12

*Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86 (2d Cir. 1997) .......................................... 4

*Iragorri v. United Techs. Corp.*, 274 F.3d 65 (2d Cir. 2001) ............................................. 9, 10, 12

*Krepps v. Reiner*, 588 F. Supp. 2d 471, 476-77 (S.D.N.Y. 2008) (2d Cir. 2010) .......................... 4

*Moscato v. MDM Group, Inc.*, No. 05 Civ. 10313 (KMW), 2008 WL 2971674 (S.D.N.Y. July 31, 2008) ............................................................................................................................... 5

*Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146 (2d Cir. 2005) .................................... 9

*Norwood v. Kirkpatrick*, 349 U.S. 29 (1955) ............................................................................... 13

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) ........................................................................ 9

*Shaffer v. Heitner*, 433 U.S. 186 (1977) ....................................................................................... 8

*Singapore Ltd. v. Schahin Holding S.A.*, 942 F. Supp. 2d 425 (S.D.N.Y. 2013) .......................... 8

*Sojitz Corp. v. Prithvi Information Solutions Ltd.*, 921 N.Y.S.2d 14 (A.D. 1st Dep't 2011) ......... 8

**STATUTES AND RULES**

28 U.S.C. § 1404(a) ................................................................................................................ 12, 13

Fed. R. Civ. P. 64 .......................................................................................................................... 13

NY CPLR 302 ................................................................................................................................ 7

**OTHER AUTHORITIES**

Siegel, N.Y. Practice § 599 (5th ed.) .............................................................................................. 8

**PRELIMINARY STATEMENT**

Respondents' claim that personal jurisdiction is lacking, and their allegations of forum shopping, ignore a simple and indisputable fact: this petition seeks to attach New York assets, and prevent a New York refinancing, in a New York forum that has repeatedly hosted related litigations between these parties.  Petitioners CIMC Raffles Offshore (Singapore) Pte. Ltd. and Yantai CIMC Raffles Offshore Ltd. (collectively, "CIMC Raffles") can hardly be said to have selected this forum at all, since it is the Respondents[1] who chose to finance their operations in New York, hold their assets here, and select New York law in their financing agreements.

Respondents rely on the recently-decided *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), to rehash arguments regarding the extent of their business in New York that this Court has already rejected.  Their assertion that "the mere presence of six bank accounts held in the Respondents' name in New York is no longer sufficient to find general personal jurisdiction" (Respondents' Br. 8) ignores this Court's key factual holding in our prior case.  The Court has already recognized that these bank accounts, present in New York, "substantially comprise" the Respondents' "entire business."  *See CIMC Raffles Offshore (Singapore) Pte. Ltd. v. Baerfield Drilling LLC*, Nos. 13 Civ. 4932 & 4933 (JSR), 2013 WL 5434685, at *1 (S.D.N.Y. Sept. 26, 2013).  Based on the factual holding that the Respondents' entire business is located in New York, the Court has general personal jurisdiction here.  Even if the Court lacked general personal jurisdiction, it would still have specific personal jurisdiction over the Respondents, and in rem jurisdiction over their assets in New York.  The motion to dismiss should therefore be denied.

The Respondents' motions to dismiss on *forum non conveniens* grounds, or to transfer to the District of Delaware, should similarly be denied.  These motions give short shrift to the fact

---

[1] Baerfield Drilling LLC ("BDL") and Soratu Drilling LLC ("SDL") are collectively referred to as "Respondents" for convenience.

that this proceeding is focused on assets in New York, to which New York law properly applies. The Respondents have no assets in London or Delaware, so CIMC Raffles sought attachment in New York, where Respondents do have attachable assets. To seek attachment of New York assets elsewhere would have been unusual, to say the least, and the fact that all of Respondents' U.S. assets are located here belies their bizarre assertion that "[o]nly the UK and Delaware have an interest in this dispute." (Respondents' Br. 11.) Surely New York has an interest in a dispute over the attachment of New York assets in which New York banks hold security interests. The Court should reject Respondents' attempt to thwart eventual enforcement of arbitral awards—the exact result the attachment petition seeks to avoid—and deny Respondents' motion to move this litigation to a jurisdiction more favorable to them.

## STATEMENT OF FACTS

As the Court is aware, this case is part of an ongoing, multi-national dispute over the Respondents' failures to pay fully for two semi-submersible drilling vessels CIMC Raffles built, the S.S. Pantanal (sold to SDL) and the S.S. Amazonia (sold to BDL). Petitioners seek attachments in aid of two arbitrations currently taking place in the United Kingdom. *See* Memorandum of Law in Support of CIMC Raffles's Petition for Attachments in Aid of Arbitration (Dkt. No. 3) 4-5. This Court has previously recognized and entered judgments on interim awards issued in those arbitrations. Petitioners recently obtained second interim awards, which they expect to seek to enforce in separate proceedings, and anticipate receiving awards on sums that are still pending before the arbitral tribunal. *See* Declaration of Joseph P. Moodhe dated June 2, 2014 ("Moodhe Decl."), Exs. A, B & C (Second Interim Final Arbitration Awards against SDL and BDL, and the Reasons for the Awards).

The Court has already invested significant time in this dispute and other related disputes between these parties. *See CIMC Raffles Offshore (Singapore) Pte. Ltd. v. Schahin Holding S.A.*,

13 Civ. 0052 (JSR); *CIMC Raffles Offshore (Singapore) Pte. Ltd. v. Baerfield Drilling LLC*, 13 Civ. 4932 (JSR); *CIMC Raffles Offshore (Singapore) Pte. Ltd. v. Soratu Drilling LLC*, 13 Civ. 4933 (JSR).[2]  Familiarity with the basic facts is therefore assumed.  We recite here only those additional facts relevant for the Court's determination of Respondents' motion to dismiss.

### I. RESPONDENTS ARE SPECIAL PURPOSE VEHICLES THAT FINANCED THE CONSTRUCTION OF THE VESSELS IN NEW YORK.

The Respondents, which contracted with CIMC Raffles for the construction of the vessels, are "special purpose vehicles."  Fernando Schahin Decl. (Dkt. No. 19) ¶ 2.  They were "formed for the purpose of owning and managing the S.S. Amazonia and the S.S. Pantanal."  *Id.*  In order to finance construction of the vessels, BDL and SDL approached a consortium of mainly New York banks in order to obtain some $900,000,000 in construction payments, in exchange for a security interest over "the entire project financing structure."  *Id.* ¶ 16.  As part of this structure, the "project financing documents also set up a waterfall structure consisting of bank accounts held by BDL, SDL, and other third parties."  *Id.* ¶ 27.

The collateral agent for the lender consortium is Deutsche Bank Trust Company Americas ("Deutsche Bank"), which is headquartered at 60 Wall Street, New York, N.Y. 10005.  Deutsche Bank and the consortium negotiated and signed the agreements that form the project financing structure in New York, the agreements chose New York law in case any disputes arose, and the BDL and SDL bank accounts referred to in Mr. Schahin's declaration in support of

---

[2] In addition to the cases before this Court, multiple related disputes have been heard in New York by Supreme Court, New York County, and the parties conducted an arbitration in New York before an American Arbitration Association panel.  *See CIMC Raffles Offshore (Singapore) Pte. Ltd. v. Schahin Holding S.A.*, No. 650281/14 (N.Y. Sup. Ct. 2014); *CIMC Raffles Offshore (Singapore) Ltd. v. Schahin Holding S.A.*, No. 650850/12 (N.Y. Sup. Ct. 2012); *CIMC Raffles Offshore (Singapore) Ltd. v. Schahin Holding S.A.*, No. 158621/12 (N.Y. Sup. Ct. 2012); *CIMC Raffles Offshore (Singapore) Ltd. v. Schahin Holding S.A.*, Case No. 50 148 T 000348 12 (ICDR Arbitration 2012).

the motion to dismiss are located in New York.  In addition, Deutsche Bank will be the indenture trustee for the imminent refinancing that is the catalyst for this attachment petition.  *See* Moodhe Decl. ¶¶ 5-13 & Exs. D, E, F and G.  Indeed, the "entire project financing structure" is located in New York, and the new project financing structure that results from any refinancing is expected to be located here as well.

## ARGUMENT

**I.  THIS COURT HAS PERSONAL JURISDICTION OVER THE RESPONDENTS.**

    **A.  The Court Has General Jurisdiction Over Respondents.**

This Court has already held that it has general personal jurisdiction over SDL and BDL. *See CIMC Raffles*, 2013 WL 5434685, at *1.  Respondents are barred by the doctrine of collateral estoppel from relitigating that holding.  Collateral estoppel serves as a bar against relitigation of an issue where "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."  *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998) (internal quotation marks omitted) (quoting *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997)).  Collateral estoppel applies to preclude the relitigation of a personal jurisdiction issue where this test is satisfied.  *See, e.g., Krepps v. Reiner*, 588 F. Supp. 2d 471, 476-77 (S.D.N.Y. 2008), *aff'd* 377 Fed. App'x 65 (2d Cir. 2010).

All four parts of the test are satisfied here.  Respondents moved to dismiss on personal jurisdiction grounds in 13 Civ. 4932 & 4933; they litigated that motion and the Court decided it; they had a full and fair opportunity to litigate the issue at that time; and the Court's personal jurisdiction holding was necessary to support the final judgments it ultimately issued.  As another court in this district recognized, "[w]hen a plaintiff files two actions against the same

defendant in the same district, personal jurisdiction is generally identical . . . ." *Moscato v. MDM Group, Inc.*, No. 05 Civ. 10313 (KMW), 2008 WL 2971674, at *3 (S.D.N.Y. July 31, 2008). The exceptions to this rule occur where "(1) subsequent events . . . create a new legal situation, (2) the plaintiff alleges new material facts that could not have been previously discovered in the exercise of due diligence, or (3) the second complaint alleges a new cause of action that provides a different basis for personal jurisdiction." *Id.* (citations and internal quotation marks omitted). None of those exceptions applies here. The relevant facts have not changed; Respondents have not demonstrated that changed factual circumstances undermine this Court's prior holding; and the same basis for personal jurisdiction exists for this action.

Of course, in certain circumstances, an intervening change in law can serve to prevent the application of collateral estoppel. *See, e.g., Faulkner v. Nat'l Geographic Enters.*, 409 F.3d 26, 37 (2d Cir. 2005). The Supreme Court's recent decision in *Daimler AG v. Bauman*, which is the basis for Respondents' personal jurisdiction challenge, does not negate the collateral estoppel effect of the Court's prior ruling.[3] In *Daimler*, the Court noted that it had previously identified, in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011), the two "paradigm all-purpose forums" for purposes of general jurisdiction over corporations—the place of incorporation and the principal place of business. 134 S. Ct. 746, 760 (2014). Justice

---

[3] Despite Respondents' characterizations, the Court in *Daimler* did not announce a new rule that general jurisdiction is permissible only over corporations that are "at home" in a state. Rather, the *Daimler* Court reiterated the Supreme Court's 2011 holding in *Goodyear Dunlop Tires Operations, S.A. v. Brown* that general jurisdiction "requires affiliations 'so continuous and systematic as to render [the foreign corporation] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 758 n.11 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)); *see also id.* at 760 ("*Goodyear* made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there."). That is to say, the quote from *Daimler* on which Respondents rely to argue that they are no longer subject to general personal jurisdiction in New York (Respondents' Br. 7) was taken directly from the *Goodyear* case, which was decided two years before the jurisdictional ruling that has collateral estoppel effect here.

Ginsburg's opinion for the Court in *Daimler* explained that these are *not* the only two bases for general personal jurisdiction. "*Goodyear* did not hold that a corporation may be subject to general jurisdiction *only* in a forum where it is incorporated or has its principal place of business; it simply typed those places paradigm all-purpose forums." *Id.* (emphasis in original). The *Daimler* Court simply declined an invitation to "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business." *Id.* at 761.

*Daimler* left open a finding of general personal jurisdiction based on facts as found by this Court in its prior opinion on personal jurisdiction. *See id.* at 762 n.19 ("We do not foreclose the possibility that in an exceptional case . . . a corporation's operations in a forum other than its principal place of business may be so substantial and of such a nature as to render the corporation at home in that State."). Here, the Court rightly found that as a factual matter the Respondents' project financing structure and their New York bank accounts "substantially comprise" their "entire business." *CIMC Raffles*, 2013 WL 5434685, at *1. *Daimler* may mean that general personal jurisdiction does not apply to every single corporation that is "doing business" in a state, but it should not and cannot be read to alter the application of personal jurisdiction to an entity that systematically and continuously conducts its "entire business" in the forum in question.

### B. The Court also Has Specific Jurisdiction Over Respondents.

Even if the Court were to hold that *Daimler* changed the law of personal jurisdiction such that general jurisdiction over Respondents is inappropriate despite their extensive business dealings centered here, personal jurisdiction would still lie because this case directly relates to Respondents' continuous and systematic contacts with the forum. Where a suit "aris[es] out of or relate[s] to the defendant's contacts with the forum," the forum can exercise specific personal

- 6 -

jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Here, CIMC Raffles's attachment petition will rise or fall on the basis of Respondents' project financing apparatus, which was created, and is still located, in New York.  The financing of the vessels occurred in New York, the vessels' operations generate income that flows into bank accounts in New York, and Respondents anticipate seeking to refinance shortly, using the same New York bank (Deutsche Bank) as their agent.  The financial resources made available to Respondents in New York are exactly the resources that should have been used to pay Petitioners the amounts due for constructing the vessels.  Respondents' financial arrangements in New York are the reason this attachment petition was filed in this District rather than elsewhere.

Under CPLR 302, New York's long-arm statute, specific personal jurisdiction is appropriate any time there is a substantial connection between a defendant's contact with New York and a plaintiff's claim. *See, e.g., Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*, 850 N.E.2d 1140, 1142 (N.Y. 2006) (citation and internal quotation marks omitted) ("Proof of one transaction in New York is sufficient to invoke jurisdiction . . . so long as the defendant's activities were purposeful and there is a substantial relationship between the transaction and the claim asserted.").  Here, Respondents availed themselves of the forum in order to finance the vessels at issue, they are seeking to refinance the vessels in the forum, and the funds from their leasing of the vessels continue to flow through their New York bank accounts each month.  This financing structure is intimately related to CIMC Raffles's attachment claim, and specific personal jurisdiction is therefore appropriate here.

C. The Court Has Jurisdiction Over Respondents' New York Assets.

Petitioners seek attachment of assets in New York.  Even if the Court lacked both general and specific personal jurisdiction over Respondents themselves, it surely has jurisdiction over their bank accounts. *See, e.g., Allied Maritime, Inc. v. Descatrade SA*, 620 F.3d 70, 74 (2d Cir.

2010) (citation omitted) ("[A]ttachments are a remedy *quasi in rem*."). In *Allied Maritime*, the Second Circuit noted that "[i]n cases where the District Court has no basis for personal jurisdiction over a party, jurisdiction can be established 'based on the court's power over property within its territory.'" *Id.* (quoting *Shaffer v. Heitner*, 433 U.S. 186, 199 (1977)). New York courts have recognized that attachment can "be used to obtain 'quasi in rem' jurisdiction over a defendant not amenable to personal jurisdiction, but with tangible or intangible property in the state." *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 311 (2010). Thus, the general rule is that there is no need for personal jurisdiction to attach assets located in the State. *See* Siegel, N.Y. Practice § 599 (5th ed.); *see also Sojitz Corp. v. Prithvi Information Solutions Ltd.*, 921 N.Y.S.2d 14 (A.D. 1st Dep't 2011) (Japanese creditor could attach for security purposes New York assets of debtor whose principal place of business was in India, in aid of arbitration pending in Singapore).

## II. RESPONDENTS' MOTION TO DISMISS ON *FORUM NON CONVENIENS* GROUNDS SHOULD BE DENIED.

Respondents' forum shopping allegation is difficult to comprehend. CIMC Raffles filed in the Southern District both because this lawsuit seeks attachment under New York law of assets located in New York and because the Court, having decided three related cases last year, has a great deal of familiarity with the parties and the dispute and has already done a significant amount of work on this case. This Court has rebuffed Respondents' attempts to transfer venue in the past. *See CIMC Raffles Offshore (Singapore) Pte. Ltd. v. Schahin Holding S.A.*, No. 13 Civ. 52 (JSR), 2013 WL 4082973, at *5 n.5 (S.D.N.Y. Aug. 6, 2013) (citing *CIMC Raffles Offshore (Singapore Ltd. v. Schahin Holding S.A.*, 942 F. Supp. 2d 425 (S.D.N.Y. 2013)) ("As to respondents' claim that this is not the proper forum . . . the Court previously rejected a similar argument in its April 30 Order and does so here as well.") Because this lawsuit was

appropriately filed in New York and the Court has familiarity with the facts, Respondents' motion should be denied here as well.

Courts in the Second Circuit employ a three-step process in deciding *forum non conveniens* motions:

> At step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum. At step two, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum.

*Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005) (citing *Iragorri v. United Techs. Corp.*, 274 F.3d 65 (2d Cir. 2001) (en banc)). As discussed below, CIMC Raffles's choice of forum is entitled to significant deference, and the public and private interest factors favor trying the case in the Southern District of New York rather than Respondents' requested forum.

### A. CIMC Raffles's Choice Of Forum is Entitled to Significant Deference.

*Forum non conveniens* analysis begins with the "strong presumption in favor of the plaintiff's choice of forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). Based on this presumption, the Second Circuit recognizes that "courts should give deference to a plaintiff's choice of forum. . . . 'Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 70 (2d Cir. 2001) (en banc) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Although foreign plaintiffs like CIMC Raffles are entitled to less deference when choosing a forum, where "a domestic or foreign plaintiff's choice of forum has been dictated by reasons that the law recognizes as valid," great deference will be given to that choice. *Id.* at 71-72. A plaintiff's choice of forum is entitled to greater deference "to the extent that it was motivated by

legitimate reasons," and to less deference "to the extent that it was motivated by tactical advantage." *Id.* at 73.

CIMC Raffles's choice of the Southern District of New York was motivated by convenience, not the pursuit of tactical advantage. The assets CIMC Raffles seeks to attach are held in bank accounts located in the forum; conversely, Respondents have no assets in the alternative forums they recommend. The third party senior secured creditors, who appeared in previous related proceedings and are likely to be interested in the outcome of this proceeding, are also located in New York. These parties have litigated in this very forum in the recent past without any protests about the convenience of the forum. Finally, this Court has already decided related cases and knows well these parties and this ongoing dispute. As a result, judicial resources will be conserved by having this case heard here.

### B. The Private and Public Interest Factors Favor Trying This Case in the Southern District of New York.

In evaluating whether to retain a case or dismiss on *forum non conveniens* grounds, courts consider both private interest factors (that is, convenience to the litigants) and public interest factors (convenience to the public and the courts). The private interest factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Iragorri*, 274 F.3d at 73-74 (quoting *Gulf Oil*, 330 U.S. at 508). The public interest factors courts weigh include court congestion, the desirability of settling local disputes locally; the undesirability of imposing the burden of jury duty on a community that is not interested in the dispute; and the preference for "a forum that is at home with the state law that must govern the case." *Id.* at 74 (quoting *Gulf Oil*,

330 U.S. at 508-09). In this case, both the private and public interest factors favor this Court's retention of the case.[4]

First, with respect to the private interest factors, the Court can likely resolve this case—as it did the prior related cases—without extensive fact discovery or witness testimony. The party witnesses, and the relevant documents in the parties' possession, are neither in New York nor in either of Respondents' proposed forums. However, the third-party lenders are chiefly located in New York, and their documents and witnesses are located within this Court's subpoena power. If necessary to obtain discovery from the lenders in order to resolve this case, the fact that the lenders are located in this forum—and subject to its subpoena power—weighs in favor of the Court's retention of the case. *See, e.g., Fournier v. Starwood Hotels & Resorts Worldwide, Inc.*, 908 F. Supp. 2d 519, 523-24 (S.D.N.Y. 2012) (refusing to dismiss on *forum non conveniens* grounds where "the evidence and witnesses that [would] resolve the dispositive issue in this case" existed within the court's subpoena power, and not in the defendant's suggested foreign forum). The sole "convenience" that Respondents appear to hope for is that this action proceed in a jurisdiction where no meaningful relief can be granted because no attachable assets exist.

Second, the public interest factors favor this Court's disposition of the case as well. While the Southern District of New York is admittedly congested, other courts in the District have refused to dismiss actions here in favor of the U.K. High Court of Justice on the basis of relative congestion. *See Am. Stock Exch., LLC v. Towergate Consultants Ltd.*, No. 03 Civ. 856

---

[4] In light of the facts that (1) no witnesses are necessary, (2) documents can be produced from Brazil and Singapore to either New York or London with equal ease, and (3) both New York (the location of the lenders and bank accounts) and London (the location of the arbitration) have some interest in the dispute, these factors, at a minimum, balance equally. Where the public and private interest factors do not weigh in either party's favor, dismissal on *forum non conveniens* grounds is inappropriate. *See, e.g., Byrne v. British Broadcasting Corp.*, 132 F. Supp. 2d 229, 239 (S.D.N.Y. 2001).

(RMB), 2003 WL 21692814, at *5 (S.D.N.Y. July 21, 2003) (citations omitted) ("The public interest factors . . . do not weigh in favor of dismissing this action.  First, the Court has no reason to believe that the United Kingdom court is any less busy than this Court and, on the current case management schedule, this case may well be tried first.").  In addition, while this dispute is not exclusively local, it impacts third party New York banks and concerns a New York project finance structure.  It will be resolved by reference to New York law, without imposing on the community the burden of a jury trial.  Finally, the Court already has extensive experience adjudicating related disputes between these parties, and the corresponding advantage of judicial economy will be lost if the case is dismissed on *forum non conveniens* grounds or transferred.  These factors weigh heavily against dismissal or transfer.

### III. RESPONDENTS' MOTION TO TRANSFER TO THE DISTRICT OF DELAWARE SHOULD BE DENIED.

The only forum-shopping occurring in this proceeding is found in Respondents' request that the Court transfer this case to the District of Delaware.  As they freely admit, they seek transfer, or alternatively the application of Third Circuit law, because the Third Circuit—unlike this Circuit—does not permit the relief CIMC Raffles seeks here.  *See* Respondents' Br. 9 n.11, 12; *cf. Iragorri*, 274 F.3d at 75 ("Courts should be mindful that, just as plaintiffs sometimes choose a forum for forum-shopping reasons, defendants also may move for dismissal under the doctrine of *forum non conveniens* not because of genuine concern with convenience but because of similar forum-shopping reasons.").  The Respondents' attempt at forum shopping should not be indulged, and their motion to transfer should be denied.

The analysis of a motion to transfer under 28 U.S.C. § 1404(a) involves the consideration of the same factors as the *forum non conveniens* analysis described above.  *See Intercontinental Monetary Corp. v. Performance Guarantees, Inc.*, 705 F. Supp. 144, 150-51 (S.D.N.Y. 1989)

(citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 31-32 (1955)) ("The factors to be considered in deciding the motion are the same as those which are relevant to a motion to dismiss based on the forum non conveniens doctrine, but the court's discretion under section 1404(a) is broader, and a transfer may be granted upon a lesser showing of inconvenience than for a forum non conveniens dismissal."). For the same reasons that dismissal on *forum non conveniens* grounds is not warranted here, neither is transfer to the District of Delaware.

The Court should also decline Respondents' invitation to apply Third Circuit law. There is no reason to deviate from Fed. R. Civ. P. 64, which looks to state law for remedies like attachment, to apply the law of another Circuit to a case brought in New York to attach New York assets. Respondents cite no authority for their proposal, because there is none, and the Court should reject this effort to circumvent attachment.

## CONCLUSION

For the foregoing reasons, CIMC Raffles respectfully requests that the Court deny Respondents' motion to dismiss or transfer, and issue an order of attachment in aid of arbitration in the amount of $82,136,319.16 against SDL and $60,279,501.11 against BDL.

Dated: New York, New York
June 2, 2014

        **DEBEVOISE & PLIMPTON LLP**

By: /s/ Joseph P. Moodhe
    Joseph P. Moodhe
    Nwamaka Ejebe
    Derek Wikstrom
919 Third Avenue, 31st Floor
New York, New York 10022
Tel: (212) 909-6000
Email: jpmoodhe@debevoise.com

**SCHULMAN BLACKWELL LLP**
Dan J. Schulman
dschulman@schulmanblackwell.com
Deric Gerlach
dgerlach@schulmanblackwell.com
11 Broadway, Suite 615
New York, New York 10004
Tel: (646) 688-5214
Fax: (646) 304-1117

*Co-counsel for Petitioners CIMC Raffles Offshore (Singapore) Pte. Ltd. and Yantai CIMC Raffles Offshore Ltd.*