UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CIMC RAFFLES OFFSHORE (SINGAPORE) PTE.
LTD. and YANTAI CIMC RAFFLES OFFSHORE
LTD.,

                                    Petitioners,                14 Civ. 2279 (JSR)

              - against -

SORATU DRILLING LLC and
BAERFIELD DRILLING LLC,

                                    Respondents.

**DECLARATION OF JOSEPH P. MOODHE IN
SUPPORT OF CIMC RAFFLES'S OPPOSITION TO
RESPONDENTS' MOTION TO DISMISS**

          I, Joseph P. Moodhe, declare as follows:

          1.        I am a partner at Debevoise & Plimpton LLP, co-counsel for Petitioners CIMC

Raffles Offshore (Singapore) Pte. Ltd. and Yantai CIMC Raffles Offshore Limited ("CIMC

Raffles" or "Petitioners"). To present evidence to the Court in connection with Petitioners'

opposition to Respondents' motion to dismiss, I submit this Declaration on personal knowledge

and on my understanding of relevant documents.

          2.        Attached as Exhibit A is a true and correct copy of the Second Interim Final

Arbitration Award issued by the London arbitration panel against Soratu Drilling LLC ("SDL")

on May 19, 2014.

          3.        Attached as Exhibit B is a true and correct copy of the Second Interim Final

Arbitration Award issued by the London arbitration panel against Baerfield Drilling LLC

("BDL") on May 19, 2014.

4.      Attached as Exhibit C is a true and correct copy of the arbitration panel's Reasons for Second Award.

5.      Respondents SDL and BDL, and their parent company, Black Gold Drilling LLC, borrowed $800 million in 2007 and $100 million in 2008 in order to finance the shipbuilding projects at issue in this case.  The loans were provided by a consortium of lenders, with Deutsche Bank Trust Company Americas acting as the collateral agent.  In connection with the shipbuilding projects, Respondents entered into several financing-related agreements (collectively, the "Project Agreements").

6.      One of these agreements, the Amended and Restated Credit Agreement dated December 18, 2009, was Exhibit A to the Declaration of Joseph P. Moodhe in Support of CIMC Raffles's Petition Seeking Attachments in Aid of Arbitration (Dkt. No. 6), and is incorporated here by reference.  In Section 12.07 of that agreement, Respondents consent to personal jurisdiction in New York.  Section 12.20 of that agreement chooses New York law for the resolution of disputes.

7.      The other Project Agreements are attached as exhibits to this Declaration as follows.

8.      Attached as Exhibit D is a true and correct copy of the Amended and Restated Collateral Agency and Security Deposit Agreement ("Collateral Agreement").  Section 10.03 of the Collateral Agreement states that the agreement is governed by New York law, and that "each of the parties hereto hereby accepts for itself and in respect of its property, generally and unconditionally, the non-exclusive jurisdiction" of the state courts of New York and the Southern District of New York.

9.      Attached as Exhibit E is a true and correct copy of the Amended and Restated Security Agreement between BDL and Deutsche Bank Trust Company Americas ("BDL Pledge Agreement").  Section 5.15 of the BDL Pledge Agreement selects New York law for disputes and states that BDL "irrevocably and unconditionally" submits to the jurisdiction of federal and state courts sitting in New York City "for the purposes of all legal proceedings arising out of or relating to this agreement or the transactions contemplated by this agreement."

10.      Attached as Exhibit F is a true and correct copy of the Amended and Restated Security Agreement between SDL and Deutsche Bank Trust Company Americas ("SDL Pledge Agreement").  Section 5.15 of the SDL Pledge Agreement selects New York law for disputes and states that SDL "irrevocably and unconditionally" submits to the jurisdiction of federal and state courts sitting in New York City "for the purposes of all legal proceedings arising out of or relating to this agreement or the transactions contemplated by this agreement."

11.      Respondents and their affiliates imminently plan to refinance the vessels at issue in this case.  In an affidavit dated April 24, 2014, filed in the ongoing arbitration between the parties in London, Fernando Schahin, Respondents' Chief Financial Officer, stated that Deutsche Bank Trust Company Americas will be the indenture trustee for this financing.

12.      Attached as Exhibit G is a true and correct copy of the Affidavit of Fernando Schahin dated April 24, 2014.  Paragraph 16 of that Affidavit states that the Schahin Group (which includes Respondents) "is in the advanced stages" of the refinancing.  Paragraph 18 states that Deutsche Bank Trust Company Americas will be the indenture trustee for the refinancing.

13.      Upon information and belief, Deutsche Bank Trust Company Americas, the collateral agent for the original project financing and the indenture trustee for the refinancing, is

headquartered at 60 Wall Street, New York, New York 10005, and is registered to do business in New York.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2, 2014

/s/ Joseph P. Moodhe
Joseph P. Moodhe