UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CIMC RAFFLES OFFSHORE (SINGAPORE) PTE. LTD. and YANTAI CIMC RAFFLES OFFSHORE LIMITED,

                Petitioners,

  -against-

SORATU DRILLING LLC and BAERFIELD DRILLING LLC,

                Respondents.

14 Civ. 2279 (JSR)

ECF Case
Electronically filed

---

**CIMC RAFFLES'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF THEIR PETITION FOR
ATTACHMENTS IN AID OF ARBITRATION**

---

**DEBEVOISE & PLIMPTON LLP**

Joseph P. Moodhe
Nwamaka Ejebe
Derek Wikstrom
919 Third Avenue, 31st Floor
New York, New York 10022
Tel: (212) 909-6000

**SCHULMAN BLACKWELL LLP**

Dan J. Schulman
Deric Gerlach
11 Broadway, Suite 615
New York, New York 10004
Tel: (646) 688-5214

*Co-counsel for Petitioners CIMC Raffles
Offshore (Singapore) Pte. Ltd. and
Yantai CIMC Raffles Offshore Ltd.*

**TABLE OF CONTENTS**

STATEMENT OF FACTS ...............................................................................................................1

ARGUMENT ...............................................................................................................................1

I.      CIMC Raffles More Than Satisfies All Requirements for an Attachment .........................1

        A.      Standard of Probability of Success on the Merits .....................................................3

        B.      Compelling Evidence Shows That, Absent an Attachment, the
                Arbitration Awards May Be Rendered Ineffectual ...................................................4

                1.      SDL and BDL Don't Pay Their Debts ............................................................4

                2.      Stated Intention to Dispose of Assets That Could Be Used to
                        Pay Creditors ..................................................................................................5

                3.      SDL and BDL Are Insolvent and Transferred Assets in
                        Violation of Court Orders ...............................................................................5

II.     CIMC Raffles is Entitled to Attach SDL's and BDL's Reversionary Interests
        in Collateral ..........................................................................................................................6

III.    The Court Should Require Only a Nominal Bond ...............................................................7

CONCLUSION ...............................................................................................................................9

## TABLE OF AUTHORITIES

CASES

Bank Leumi Trust Co. v. Istim Inc., 892 F. Supp. 478 (S.D.N.Y. 1995) ........................................3

Mishcon de Reya New York LLP v. Grail Semiconductor,
   No. 11 Civ. 04971, 2011 WL 6957595 (S.D.N.Y. Dec. 28, 2011)..............................................3

Murray v. Lyon (In re Cohn), 11 B.R. 611 (Bankr. D. Mass. 1981) ...............................................2

Capital Ventures Int'l v. Argentina, 443 F.3d 214 (2d Cir. 2006)....................................................7

Capital Ventures Int'l v. Argentina, 652 F.3d 266 (2d Cir. 2011)....................................................7

CIMC Raffles Offshore (Singapore) Pte. Ltd. v. Baerfield Drilling LLC,
   Nos. 13 Civ. 4932 & 4933 (JSR), 2013 WL 5434685 (S.D.N.Y. Sept. 26, 2013) ....................3

STATUTES AND RULES

Fed. R. Civ. P. 65 ............................................................................................................................1

N.Y. CPLR 7502(c) ....................................................................................................................1, 4

OTHER AUTHORITIES

Lewis Carroll, Through the Looking-Glass (1871) .........................................................................5

STATEMENT OF FACTS[1]

On May 19, 2014, the London arbitrators issued two additional interim final arbitration awards: a Second Award against SDL in the principal amount of $30,878,793.19; and a Second Award against BDL in the principal amount of $46,724,957.50 (the "Second Awards"), for a total of $77,603,750.69, together with an opinion, denominated Reasons for Second Award ("Reasons").[2] As set forth in the Reasons, SDL and BDL expressly conceded that they owed these monies, but were again seeking set-off, which the arbitrators again denied.

In the Reasons, the arbitrators note that CIMC Raffles also is entitled to interest on the amounts awarded in the Second Awards, to be calculated later. (Reasons ¶ 20.) That interest, through June 10, 2014, comes to over $25.1 million. (Dracoulis Decl. ¶ 9 and Ex. G.)

SDL and BDL have not paid the $77.6 million principal amount they owe, as set forth in the Second Awards (Dracoulis Decl. ¶ 2); they have not paid the additional $25 million in interest (id. ¶ 9); and they have not paid any of the other contractual sums that they owe on the two vessels (Reasons ¶ 1). All this despite the fact that the two vessels were delivered and have been in operation since November 2010 and April 2011, respectively. (Id.)

ARGUMENT

I.      CIMC RAFFLES MORE THAN SATISFIES ALL REQUIREMENTS FOR AN ATTACHMENT.

All parties agree that state law supplies the standard to be applied. (See Fed. R. Civ. P. 65; CPLR 7502(c); Resp. Br. at 14 n.19.) The four requirements under New York law are: (1) a

---

[1] Also submitted in connection with this reply brief are the June 3, 2014 Declaration of Andreas Dracoulis ("Dracoulis Decl.") and the June 3, 2014 Declaration of Dan J. Schulman ("Schulman Decl.").

[2] The Reasons are attached as Ex. C to the Dracoulis Decl. For the sake of brevity, we will cite to the Reasons as "Reasons ¶ __." The Second Award against SDL is attached as Ex. A to the Dracoulis Decl.; the Second Award against BDL is attached as Ex. B to the Dracoulis Decl.

cause of action, (2) likelihood of success, (3) the claims exceed all meritorious counterclaims, and (4) that the arbitration award "may be rendered ineffectual."

SDL and BDL agree there is a cause of action, but argue against "success on the merits" on the theory that the facts are sharply disputed, and that CIMC Raffles has not established a clear right to preliminary relief. (Resp. Br. at 14-15.)

The argument was a bit contrived in light of the fact that, as set forth in the Reasons for Award, SDL and BDL expressly conceded owing the $77.6 million in contractual claims that constitute the Second Awards: "As the Respondents accepted in their written closings, unless there is a right of set-off of the counterclaims . . . Claimants are entitled to an award in their favour in those amounts." (Reasons ¶ 12.) Logically, SDL and BDL also must concede they owe the $25 million in interest on the Second Awards.

SDL and BDL also conflate "success on the merits" with the next requirement, that the claim exceeds meritorious counterclaims. They argue that, "Because SDL and BDL claim that they are entitled to set-off the losses they have suffered against Petitioners' claims, for Petitioners to show a likelihood of success on the merits, they must also show that it is likely that the Tribunal will deny (i) SDL and BDL's ability to set off; and/or (ii) SDL and BDL's misrepresentation claims." (Resp. Br. at 15 (relying solely on a case that analyzes Massachusetts law, not New York law, Murray v. Lyon (In re Cohn), 11 B.R. 611 (Bankr. D. Mass. 1981)).)

SDL's and BDL's argument has two fatal defects: SDL and BDL waived any right of set-off in the Shipbuilding Contracts, as the arbitrators have now held for the second time (Reasons

¶¶ 15, 18, 19); [3] and New York case law consistently provides that courts should "examine only the amount of counterclaims **that the plaintiff concedes are just**." Bank Leumi Trust Co. v. Istim Inc., 892 F. Supp. 478, 482 (S.D.N.Y. 1995) (emphasis in original); see generally cases discussed in Moving Br. at 11 & n.10. CIMC Raffles does not concede that SDL and BDL have any substantial meritorious counterclaims. (See Moving Br. at 10; Lui Decl., Docket No. 5, ¶¶ 17-20.)

### A.   Standard for Probability of Success on the Merits.

SDL and BDL argue that success on the merits is demonstrated by showing "stronger than the summary and conclusory allegations that suffice today in a pleading" (Resp. Br. at 17 (quoting Mishcon de Reya New York LLP v. Grail Semiconductor, No. 11 Civ. 04971, 2011 WL 6957595, at *4 (S.D.N.Y. Dec. 28, 2011), which goes on to state that "plaintiff must be given the benefit of all legitimate inferences and deductions that can be made from the facts stated" (citations omitted)).)

Giving CIMC Raffles the benefit of all legitimate inferences, CIMC Raffles demonstrated a likelihood of success, even prior to the Second Awards, since the Court should have given CIMC Raffles the benefit of the legitimate inference that SDL and BDL owed the outstanding payments provided for in the two Shipbuilding Contracts.  The Second Awards eliminate any doubt. (See Reasons ¶ 12.)

CIMC Raffles also has demonstrated a likelihood of success on their claim for interest in excess of $25 million just on the principal amounts awarded in the Second Awards, as well as

---

[3] This Court also noted previously that SDL and BDL have no right of set-off, in finding that the First Awards were "final." See CIMC Raffles Offshore (Singapore) Pte. Ltd. v. Baerfield Drilling LLC, Nos. 13 Civ. 4932 & 4933 (JSR), 2013 WL 5434685, at *1 (S.D.N.Y. Sept. 26, 2013).

CIMC Raffles's other contractual claims. (Reasons ¶ 20; Dracoulis Decl. ¶¶ 4-6 and Ex. G, 5/23/14 Letter to Linklaters; <u>see also</u> Moving Br. at 9 *et seq.*)

> **B.    Compelling Evidence Shows That, Absent an Attachment, the Arbitration Awards May Be Rendered Ineffectual.**

The key question under CPLR 7502(c) is whether, absent an attachment, the prospective arbitration award "may" be rendered ineffectual. The risk of non-payment is evident here given the history of non-payment combined with SDL's and BDL's continuing efforts to avoid payments, such as their current (incorrect) claim that they "do not have any assets subject to enforcement." (Resp. Br. at 12.)

SDL and BDL list the following factors to be considered by a court, which we adopt: (i) history of paying creditors; (ii) stated or indicated intention to dispose of assets that could be used to satisfy a future judgment; and (iii) insolvency and any asset transfers already completed. (Resp. Br. at 17.) All of these factors support issuing orders of attachment.

> **1.    SDL and BDL Don't Pay Their Debts.**

SDL and BDL failed to make payments on the First Awards until they were held in contempt by this Court. They have not paid on the undisputed $77.6 million awarded in the Second Awards. They have not paid the $25 million in interest owed on the Second Awards, or principal or interest on any of their other contractual obligations. And, of course, SDL and BDL have not paid for the SS Pantanal and the SS Amazonia, despite receiving income from operating the vessels since 2010 and early 2011. (<u>See</u> Reasons ¶ 1.)

SDL and BDL nowhere explain why they did not seek refinancing earlier, or sell assets to pay their debts. In 2012, SDL and BDL argued that attachment was not warranted because they had ample assets to make payment as soon as there were final awards or judgments. In 2014,

they argue, by contrast, that they "do not have any assets subject to enforcement" (Resp. Br. at

12) and that, absent refinancing, they lack the ability to pay (id. at 18).

SDL's and BDL's approach to paying their obligations calls to mind the White Queen's

discussion of when she would pay Alice wages of two pence weekly, and jam every other day:

"The rule is, jam to-morrow and jam yesterday -- but never jam to-day." Lewis Carroll, Through

the Looking-Glass (1871).

SDL and BDL have a long history of delaying and seeking to avoid paying their debts;

they have failed to pay the Second Awards; every expectation is that current and future

arbitration awards will be rendered ineffectual, as more fully set forth below at I(B)(3).

### 2.   Stated Intention to Dispose of Assets That Could Be Used to Pay Creditors

The second factor, stated or indicated intention to dispose of assets, also is satisfied, by

SDL's and BDL's stated intention to refinance the vessels, and then to use those sums not merely

to make payments to creditors of SDL and BDL, but to make payments to creditors of entities

other than BDL or SDL, including creditors of Schahin Holding S.A. (See Dracoulis Decl. Ex. I,

1/23/14 Letter from Linklaters LLP; Ex. J, 4/24/14 Schahin Aff., ¶¶ 16-18.)

### 3.   SDL and BDL Are Insolvent and Transferred Assets in Violation of Court Orders.

To define the third factor, "insolvency," we must look to Delaware law, because SDL and

BDL are both Delaware entities. SDL and BDL cannot contest that a Delaware company is

deemed "insolvent" if it does not pay debts as they become due. (See cases cited in Moving Br.

at 14, 15 & n.13.)

SDL and BDL have a long history of violating court orders to avoid paying their debts. In

this Court, this resulted in SDL and BDL being held in civil contempt. In 2012, in state court,

SDL and BDL transferred tens of millions of dollars outside of New York in violation of a

stipulation and order directing them to "maintain" those sums in New York. As their counsel,

Linklaters, told the state court at the hearing held on June 19, 2012, SDL and BDL in fact had

transferred $42 million outside of New York. (See Schulman Aff. Ex. A, 6/19/12 Tr. 115:21-

23.)[4]

## II.     CIMC RAFFLES IS ENTITLED TO ATTACH SDL's AND BDL's REVERSIONARY INTERESTS IN COLLATERAL.

CIMC Raffles is seeking to attach SDL's and BDL's reversionary interests in the New

York bank accounts, income from Petrobras, and any other assets in New York, including

escrow deposits held by lenders. CIMC Raffles is not seeking to "prime" the interests of senior

secured lenders, but only to attach SDL's and BDL's reversionary interests. Consistent with

SDL's and BDL's repeated claim that the SS Amazonia and SS Pantanal are worth substantially

more than the outstanding financing (e.g., Resp. Br. at 18-19), CIMC Raffles reasonably expects

that the reversionary interests that it seeks to attach have value.[5]

---

[4] SDL and BDL argue that they did nothing wrong because the state court did not ultimately hold them in civil contempt. (Resp. Br. at 20.) This is disingenuous. The only reason they were not held in civil contempt is because the contempt motion was moot after the attachment was lifted -- based on the (false) testimony of Fernando Schahin that SDL, BDL, and the other Schahin respondents were "willing and able to pay any potential sum petitioners might ultimately be awarded by way of a final judgment or court order." CIMC Raffles Offshore (Singapore) Limited, et al. v. Schahin Holding SA, et al., Index No. 650850/12, slip op. at 13-14 (Sup. Ct. N.Y. County Aug. 30, 2012) (Schulman Decl. Ex. B); Undated Schahin Aff. ¶ 23 (Schulman Decl. Ex. C).

As Justice Kapnick held in that case, "**It is not disputed, nor could it be, that the respondents had knowledge of the court orders. Moreover, it is clear that these orders were not fully complied with** . . . ." CIMC Raffles Offshore (Singapore) Limited, et al. v. Schahin Holding SA, et al., No. 650850/12, slip op. at 13 (Sup. Ct. N.Y. County Apr. 29, 2013) (emphasis added). (Schulman Decl. Ex. D.)

[5] Previously, income paid into the New York bank accounts by Petrobras had included certain unspecified "bonuses" apparently arising from the productivity of the two vessels. In connection with the payment of the initial interim final arbitration awards, those funds were released to CIMC Raffles. Further, once the initial financing under the Credit Agreement is paid off, SDL and BDL will be recovering deposits and pre-payments under the existing Credit Agreement.

In its moving papers, CIMC Raffles cited to two attachment decisions involving defaulted Argentine bonds. In the first decision, the Second Circuit held that creditors had the right to attach Argentina's reversionary interest in collateral securing a bond, even though that interest was "exceedingly small," remote in time, and subject to a first-priority secured lien of the Federal Reserve Bank of New York. Capital Ventures Int'l v. Argentina, 443 F.3d 214, 223 (2d Cir. 2006). In the second decision, the Second Circuit analyzed whether the district court had discretion to modify that attachment and held that the district court did not. Capital Ventures, 652 F.3d 266, 273-74 (2d Cir. 2011); see also Moving Br. at 6-7.

SDL and BDL nowhere address Capital Ventures -- or any other case law. Instead, they argue that, supposedly, this Court previously ruled in a related proceeding that SDL and BDL "do not have any 'property' subject to enforcement, as that term is defined in CPLR 5201(b)." (Resp. Br. at 12-13 (citing May 1, 2013 Order at 8).)

The argument is inconsistent with Capital Ventures, and misstates the Court's prior ruling. In its prior ruling, this Court simply stated that "CIMC has no claim over amounts owing to the senior lenders under the contractual waterfall." (May 1, 2013 Order at 8.) The Court did not rule that SDL and BDL do not have a reversionary interest in bank accounts and deposits, or that CIMC Raffles could not attach debtors' reversionary interests. Cf. Capital Ventures, 443 F.3d at 223.

## III.    THE COURT SHOULD REQUIRE ONLY A NOMINAL BOND.

Because there is no possibility of harm from the attachments, the bond should be set at one dollar ($1). Respondents argue, without citation to any case law, that even though lenders know of CIMC Raffles's claims, the Court should require an undertaking for $1.065 billion, the

amount of the proposed future hypothetical refinancing, because, supposedly, the attachment could "jeopardize" the refinancing. (Resp. Br. at 20-21.)

Precisely because CIMC Raffles shortly will be obtaining a judgment in New York based on the Second Awards, which CIMC Raffles will enforce against assets of SDL and BDL located in New York, granting an attachment here will not place the hypothetical proposed refinancing in any additional jeopardy. Since there will be no possible additional harm to SDL and BDL by the attachment, the Court should set the amount of the bond at the strictly nominal amount of one dollar ($1).

## CONCLUSION

For the foregoing reasons, CIMC Raffles respectfully requests that the Court issue orders

of attachment in aid of arbitration against SDL and BDL.

Dated: New York, New York
June 3, 2014

**SCHULMAN BLACKWELL LLP**


By:  s/Dan J. Schulman
     Dan J. Schulman
     Deric Gerlach
11 Broadway, Suite 615
New York, New York 10004
Tel: (646) 688-5214
Fax: (646) 304-1117
Email: dschulman@schulmanblackwell.com

**DEBEVOISE & PLIMPTON LLP**

Joseph P. Moodhe
jpmoodhe@debevoise.com
Nwamaka Ejebe
nejebe@debevoise.com
Derek Wikstrom
dwikstrom@debevoise.com
919 Third Avenue, 31st Floor
New York, New York 10022
Tel: (212) 909-6000

*Co-counsel for Petitioners CIMC Raffles
Offshore (Singapore) Pte. Ltd. and Yantai
CIMC Raffles Offshore Ltd.*