```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
CIMC RAFFLES OFFSHORE (SINGAPORE)    :
PTE. LTD. and YANTAI CIMC RAFFLES    :
OFFSHORE LIMITED,                    :
                                     :
              Petitioners,           :
                                     :          14-cv-2279 (JSR)
              -v-                    :
                                     :          MEMORANDUM ORDER
SORATU DRILLING LLC and BAERFIELD    :
DRILLING LLC,                        :
                                     :
              Respondents.           :
------------------------------------ x
```

6/10/14

JED S. RAKOFF, U.S.D.J.

On May 15, 2014, respondents in this action moved to dismiss the petition for lack of personal jurisdiction or on the ground of forum non conveniens. See ECF No. 18. The Court had found previously that these respondents were subject to general personal jurisdiction in New York under N.Y. C.P.L.R. § 301. See Memorandum Order, No. 13-cv-4932, ECF No. 29 (S.D.N.Y. Sept. 25, 2013) ("Jurisdiction Decision"). Respondents press that this finding must be reconsidered in light of the Supreme Court's decision in Daimler AG v. Bauman et al., 134 S. Ct. 746 (2014), which cautions that general personal jurisdiction should be found only where a party could be fairly considered "essentially at home in the forum state." Daimler, 134 S. Ct. at 751 (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011)). As the reference to Goodyear makes plain, Daimler does not announce a new principle; rather, it reiterates the law of general personal jurisdiction dating back to International Shoe Co. v. Washington, 326 U.S. 310 (1945). This was the same principle that the Court correctly applied when it found general personal jurisdiction

because the respondents' New York activities "substantially comprise the corporate entity's entire business." Jurisdiction Decision at 2. Accordingly, the motion to dismiss for lack of personal jurisdiction is denied. For similar reasons, including those articulated by petitioners in opposition, see ECF No. 26, the Court denies the motion to dismiss on grounds of forum non conveniens, as well as respondents' alternative requests to transfer the case to Delaware or to apply Third Circuit law.

Turning to the underlying petition for orders of pre-award attachment in aid of arbitration, the Court presently lacks sufficient information to render a final decision. Respondents profess confusion with the petition, because its casus belli is a contemplated refinancing that, respondents urge, will enable rather than frustrate payment of any awards issued to petitioners in the ongoing U.K. arbitrations. "Moreover, the financing which BDL and SDL are currently pursuing — and which curiously was Petitioners' impetus for filing this motion — will specifically require a litigation reserve sufficient to cover Respondents' maximum possible exposure to Petitioners." Resps.' Mem. of Law at 19, ECF No. 20. Petitioners reply that respondents' pledge of future financing is not to be trusted. The Court, having levied significant civil contempt fines against respondents and related companies for non-payment of a judgment in a related matter, is cognizant that petitioners' fears are not without foundation. See Order of Civil Contempt, No. 13-cv-52, ECF No. 122 (S.D.N.Y. Sept. 17, 2013).

Since the filing of the petition, the parties have entered into a series of Stipulations and Orders to preserve the status quo with respect to encumbrances over respondents' assets. See ECF Nos. 16, 17, 23, 24, 25. The Court therefore invites the parties to enter into a final Stipulation and (proposed) Order within one week of this Memorandum Order, so as to enforce respondents' pledge that any refinancing of their assets will be accompanied by the creation of a litigation reserve sufficient to satisfy the maximum possible award that petitioners may receive in the U.K. arbitration, including interest. Any deviation from such a Stipulation and Order could then be met by civil contempt fines orders of magnitude larger than that previously assessed in the related matter. The persuasiveness of the Stipulation and Order would be greatly enhanced if the related entities that may be parties to the refinancing were to join.

Should the parties successfully enter such a Stipulation and Order, the petition would lose much of its urgency and petitioners may wish to withdraw it. On the other hand, should the parties fail to enter such a Stipulation and Order, the Court might lose confidence in respondents' averments that they are not insolvent and that the refinancing will not impair their ability to satisfy future awards. From such a failure, the Court might draw an inference strongly favoring the underlying petition on the merits.

If the parties are unable to enter into such a Stipulation and Order, they should jointly call Chambers one week from today to schedule further proceedings. Meanwhile, the stay of new encumbrances

or transfers of respondents' assets extended orally on June 10, 2014,
see Tr. at 10:5-13, will remain in effect.

      SO ORDERED.

Dated: New York, New York
      June 16, 2014

                                  JED S. RAKOFF, U.S.D.J.