7/1/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CIMC RAFFLES OFFSHORE (SINGAPORE) PTE.
LTD. AND YANTAI CIMC RAFFLES
OFFSHORE LIMITED,

                Petitioners,

v.

SORATU DRILLING LLC AND BAERFIELD
DRILLING LLC,

                Respondents.

14 Civ. 2279 (JSR)
14 Civ. 4227 (JSR)

---

## STIPULATION AND ORDER

      **WHEREAS**, CIMC Raffles Offshore (Singapore) Pte. Ltd. and Yantai CIMC Raffles Offshore Ltd. (collectively, "CIMC Raffles") have filed a petition ("Attachment Petition") and requested this Court to grant orders of attachment in their favor and against Soratu Drilling LLC ("SDL") and Baerfield Drilling LLC ("BDL") (collectively, "Respondents");

      **WHEREAS**, the relief CIMC Raffles seeks with such an action is to prevent Respondents from engaging in any activities that would: (i) result or logically may result in the increase in liens or secured claims on Respondents' assets; (ii) increase or modify the encumbrances on any of Respondents' assets; (iii) impair the value of any of Respondents' assets; or (iv) result in the sale, assignment, or transfer of any of Respondents' assets outside the jurisdiction (collectively, "Impairment Activities");

      **WHEREAS**, Respondents are currently pursuing refinancing, which may take the form either of a bond issuance or a sale-leaseback (the "Refinancing"), the proceeds of which would be used to, among other things, pay existing and potential future judgments or awards that

CIMC Raffles has obtained or may obtain against BDL, SDL or Schahin Holding, S.A. ("Schahin Holding") relating to CIMC Raffles' construction and delivery of the S.S. Pantanal and S.S. Amazonia (the "CIMC Claims");

**WHEREAS**, the financing documents governing this Refinancing will require creation of a litigation reserve account, which would be automatically funded from proceeds of the Refinancing and contain an amount sufficient to satisfy the maximum amount of CIMC Claims against SDL, BDL, and Schahin Holding;

**WHEREAS**, the parties had stipulated that Respondents will not engage in any Impairment Activities until after the close of business on June 10, 2014, and this stipulation was extended orally until June 16, 2014, and further extended by the Court on consent of the parties until June 30, 2014;

**WHEREAS**, on June 16, 2014, this Court found that Respondents are subject to general personal jurisdiction in New York and invited the parties to enter into a stipulation "so as to enforce respondents' pledge that any refinancing of their assets will be accompanied by the creation of a litigation reserve sufficient to satisfy the maximum possible award that petitioners may receive in the U.K. arbitration, including interest," and upon entering into such a stipulation the "the petitioners may wish to withdraw [this Attachment Petition];"

**WHEREAS,** Respondents deny that Petitioners are entitled to the relief they seek in their Attachment Petition and reserve all rights, defenses, and appeals, including as to the Court's finding that they are subject to general personal jurisdiction in this Court;

**WHEREAS,** Petitioners commenced a related proceeding in this Court against Respondents on June 11, 2014, to Confirm Foreign Arbitrations Awards and For An Entry of Judgment in regards to the Second Interim Final Arbitration Awards rendered by the Tribunal on

2

May 19, 2014 ("Recognition Petition"), for the arbitrations taking place in London, United Kingdom, and being heard concurrently and pursuant to the 2006 Terms of the London Maritime Arbitrators Association ("the UK Arbitrations"), awarding Petitioners $30,878,793.19 against SDL and $46,724,957.50 against BDL;

**WHEREAS,** Petitioners commenced a proceeding in the Supreme Court of the State of New York, New York County ("New York Supreme Court"), against Schahin Holding on January 27, 2014, in order to recognize a Final Consent Judgment entered in the High Court of Justice, Queen's Bench Division, Commercial Court, in London, United Kingdom ("English High Court"), and which was granted recognition on May 5, 2014;

**WHEREAS,** Schahin Holding owes CIMC Raffles $70,599,934.95 plus interest for that Final Consent Judgment, and represented to the English High Court that it will use funds from the Refinancing, in part, to satisfy this judgment by paying CIMC Raffles;

**WHEREAS,** if the Refinancing takes the form of a bond issuance, the transaction parties to such bond issuance, in addition to BDL and SDL, would be Schahin III Finance Company (SPV) Ltd., Black Gold Drilling LLC, Schahin Engenharia S.A., and Schahin Oil & Gas Ltd. (these entities are collectively referred to as the "Bond Transaction Parties");

**WHEREAS,** if the Refinancing takes the form of a sale-leaseback, the parties to such sale-leaseback, in addition to BDL and SDL, would be Seabiscuit International Inc., Black Gold Drilling LLC, Turasoria S.A., and Schahin Engenharia S.A. (these entities are collectively referred to as the "Sale-Leaseback Parties," and together with Schahin Holding and the Bond Transaction Parties, the "Related Schahin Group Entities");

**WHEREAS,** the Related Schahin Group Entities other than Schahin Holding specially appear, without submitting to the general jurisdiction of this Court, solely with respect

3

to paragraphs 1, 2, 3, 4, 5, 12, and 13 of this stipulation, and Schahin Holding specially appears, without submitting to the general jurisdiction of this Court, solely with respect to paragraphs 1, 2, 3, 4, 5, 8, 9, 11, 12, and 13:

**WHEREAS**, the parties are desirous of avoiding unnecessary recognition and enforcement proceedings and motion practice;

**NOW, THEREFORE**, the undersigned parties hereby stipulate and agree that:

1. Respondents, along with the Related Schahin Group Entities (appearing specially and without submission to the general jurisdiction of the Court), together or individually, will not close any transaction that results in any Impairment Activities, the Refinancing, or any other financing related to Respondents' assets unless the maximum amount of the CIMC Claims[1] from the English High Court and the UK Arbitrations is reserved. Any refinancing of Respondents' assets will be accompanied by the creation of a litigation reserve account to be used solely to satisfy the maximum amount of CIMC Claims against SDL, BDL, and Schahin Holding, including interest ("CIMC Raffles Litigation Reserve"), which amount is currently estimated to be approximately $175 million, such amount to be increased by additional deposits equal to 1% of the balance in the account at the end of each calendar month until the CIMC Claims have been satisfied in full.

2. The CIMC Raffles Litigation Reserve shall be held in the name of one of the Respondents or Related Schahin Group Entities or the Trustee bank in a bank account located in the Southern District of New York or London. If the CIMC Raffles Litigation Reserve is held in London by the Trustee bank, the Respondents and the Related Schahin Group Entities shall

---

[1] References throughout to the maximum amount of the CIMC claims means such claims adjusted to reflect the maximum total recovery that CIMC Raffles could realize.

4

use their best efforts to procure the Trustee bank's agreement in writing to submit to jurisdiction of the Southern District of New York for purposes of enforcement of this Stipulation.

3. Subject to CIMC Raffles' entry into a confidentiality agreement reasonably acceptable to Respondents (with Respondents' acceptance to be provided within one week of the signing of this Stipulation and Order), Respondents shall disclose to CIMC Raffles the draft and/or final contractual agreements governing the Refinancing as soon as such documents become available, and shall provide CIMC Raffles reasonable access within two weeks of the execution of this Stipulation to speak to parties (to be agreed by Respondents and CIMC Raffles, but in any case including the lead banker(s)) involved in the Refinancing, and direct those parties to provide CIMC Raffles with information related to the Refinancing sufficient to demonstrate the creation, funding, and operation of the CIMC Raffles Litigation Reserve to be established pursuant to such Refinancing. Respondents will direct those parties to provide to CIMC Raffles "periodic" updates on the status of the Refinancing. "Periodic" shall mean not less than every two weeks or within one week's notice from CIMC Raffles.

4. The CIMC Raffles Litigation Reserve shall be used exclusively to pay the CIMC Claims, to the exclusion of any other creditors, until such time as CIMC Raffles has been paid in full for all unpaid outstanding claims from the English High Court and the UK Arbitrations. After acknowledgement by CIMC Raffles that it has been paid in full, any funds remaining in the account may be used for other purposes.

5. Respondents and the Related Schahin Group Entities shall ensure that the refinancing agreements governing the CIMC Raffles Litigation Reserve provide that (i) all funds deposited to the Litigation Reserve shall, upon funding of the Litigation Reserve, within three business days be wired to CIMC Raffles per its instructions in order to satisfy any judgments or

awards then entered and outstanding, including to pay interest thereon, and (*ii*) upon receiving notice of any additional judgments or awards issued by the English High Court or in the UK Arbitrations, sufficient funds shall promptly be wired to CIMC Raffles per its instructions to satisfy any such additional judgments or awards plus accrued interest.

6. Respondents do not oppose the Recognition Petition, and the Parties jointly request that the Court grant the Recognition Petition and immediately enter the Second Interim Final Arbitration Awards as judgments of this Court. Respondents agree to not challenge these forthcoming judgments on any basis, directly or indirectly.

7. Respondents also consent to recognition and entry of judgment on the Second Interim Final Arbitration Awards in the United Kingdom and to homologation proceedings in Brazil with respect to the Second Interim Final Arbitration Awards by the Brazilian Superior Courts (*Superior Tribunal de Justiça – STJ*), and agree to not challenge these judgments on any basis, directly or indirectly. For the avoidance of doubt, this agreement refers to the homologation proceedings with respect to the Second Interim Final Arbitration Awards but not enforcement proceedings deriving therefrom.

8. Schahin Holding consents to homologation proceedings in Brazil with respect to the Final Consent Judgment by the Brazilian Superior Courts (*Superior Tribunal de Justiça – STJ*), and agrees to not challenge the judgment on any basis, directly or indirectly. For the avoidance of doubt, this agreement refers to the homologation proceedings with respect to the Final Consent Judgment but not enforcement proceedings deriving therefrom.

9. Within one week of issuance of any additional awards or judgments issued in the UK Arbitrations, or by the English High Court, the New York Supreme Court or the S.D.N.Y., Respondents and Schahin Holding, as applicable, must file consents to recognition and

entry of judgments in the United States and the United Kingdom, and to homologation proceedings in Brazil by the Brazilian Superior Courts (*Superior Tribunal de Justiça – STJ*). For the avoidance of doubt, this agreement refers to the homologation proceedings with respect to any such additional awards or judgments but not enforcement proceedings deriving therefrom.

10. CIMC Raffles will not take any steps to enforce, or to seek discovery in aid of enforcement of, any judgment or award against Respondents or Schahin Holding, including in the United States, the United Kingdom, and Brazil, as against Respondents, Schahin Holding, or the other Related Schahin Group Entities, including any actions against any directors, officers, or employees of the same, until August 15, 2014 provided that, if Respondents fail to comply with the provisions of this Stipulation, Petitioners may seek to have this Stipulation and Order vacated by the Court.[2]

11. Should Respondents not have paid in full any outstanding judgments, awards, or costs (including the Final Consent Judgment and the Second Interim Final Arbitration Awards) by close of business on August 15, 2014, then (a) Respondents shall consent to the attachment of their assets for the maximum unpaid and outstanding amount of CIMC Raffles' claims against SDL, BDL and Schahin Holding as of August 15, 2014, and (b) Respondents and Schahin Holding shall provide to CIMC Raffles full discovery, including producing Respondents' representatives (as said may be agreed upon by the Parties or designated by the Court)for depositions in New York at Respondents' and Schahin Holding's expense, with such discovery useable in all proceedings worldwide.

---

[2] Upon notice by the Respondents and Related Schahin Entities (to be provided no later than July 18, 2014) that the Refinancing will be accomplished by way of a sale-leaseback, "September 30, 2014" shall be substituted for "August 15, 2014" in paragraphs 10 and 11 herein, provided that Respondents have fulfilled their obligations set forth in paragraph 3 herein.

7

12.     Respondents and either the Bond Transaction Parties or the Sale-Leaseback Parties, as applicable, shall ensure that the contractual agreements governing any refinancing are consistent with this Stipulation and Order.

13.     Solely with respect to enforcement of this Stipulation and Order, the Respondents, Schahin Holding (only as pertaining to paragraphs 1, 2, 3, 4, 5, 8, 9, 11, 12, and 13), and the other Related Schahin Group Entities (only as pertaining to paragraphs 1, 2, 3, 4, 5, 12, and 13) consent to specific personal jurisdiction in this Court and agree that all disputes relating to or arising under this Stipulation and Order shall be resolved by this Court, and that a final judgment in any such action, litigation or proceeding will be conclusive and may be enforced in other jurisdictions.

SO STIPULATED AND AGREED.

Dated: June 30, 2014
New York, NY

| SCHULMAN BLACKWELL LLP | LINKLATERS LLP |
|---|---|
| By: *[signature]* <br> Dan J. Schulman <br> Deric Gerlach <br> 11 Broadway, Suite 615 <br> New York, NY 10004 <br> (646) 688-5214 | By: *[signature]* <br> Paul S. Hessler <br> Patrick C. Ashby <br> 1345 Avenue of the Americas <br> New York, NY 10105 <br> (212) 903-9000 |
| *Co-counsel for CIMC Raffles Offshore (Singapore) Pte. Ltd. and Yantai CIMC Raffles Offshore Ltd.* | *Counsel for Baerfield Drilling LLC, Soratu Drilling LLC, and the Related Schahin Group Entities (appearing specially and without submission to the general jurisdiction of the Court)* |

Co-Counsel:
DEBEVOISE & PLIMPTON LLP
Joseph P. Moodhe
Nwamaka G. Ejebe
919 Third Avenue
New York, NY 10022

SO ORDERED.

*[signature]*
JED S. RAKOFF, U.S.D.J.

Dated: New York, NY
July 1 2014

9