UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CIMC RAFFLES OFFSHORE (SINGAPORE) PTE.
LTD. AND YANTAI CIMC RAFFLES
OFFSHORE LIMITED,

                        Petitioners,

              v.

SORATU DRILLING LLC AND BAERFIELD
DRILLING LLC,

                        Respondents.
------------------------------------------------------------x

14 Civ. 2279 (JSR)



## STIPULATION AND ORDER

        **WHEREAS**, CIMC Raffles Offshore (Singapore) Pte. Ltd. and Yantai CIMC Raffles Offshore Ltd. (collectively, "CIMC Raffles") commenced this action and petitioned the Court to enter orders of attachment in their favor and against Soratu Drilling LLC ("SDL") and Baerfield Drilling LLC ("BDL") (collectively, "Respondents");

        **WHEREAS**, the parties entered into a stipulation on June 30, 2014, which was so-ordered by the Court on July 1, 2014 ("Stipulation and Order"), pursuant to which Respondents (and other related third-parties) agreed, in part, that any refinancing of Respondents' assets would be accompanied by the creation of a litigation reserve to be used solely to satisfy the maximum amount of CIMC Raffles' claims ("CIMC Claims") relating to the construction and delivery of the S.S. Pantanal and the S.S. Amazonia, and that such litigation reserve would be supplemented by additional deposits equal to 1% of the balance in the account at the end of each calendar month until the CIMC Claims have been satisfied in full;

**WHEREAS**, on September 12, 2014, Respondents concluded the refinancing of their assets in accordance with the terms of the Stipulation and Order;

**WHEREAS**, the Stipulation and Order continues to require, among other things, that the litigation reserve "shall be used exclusively to pay the CIMC Claims, to the exclusion of any other creditors, until such time as CIMC Raffles has been paid in full for all unpaid outstanding claims from the English High Court and the UK Arbitrations. After acknowledgement by CIMC Raffles that it has been paid in full, any funds remaining in the account may be used for other purposes."

**WHEREAS**, CIMC Raffles has not yet acknowledged that it has been paid in full, and the claims in the English High Court and the UK Arbitrations are still pending.

**NOW, THEREFORE**, the undersigned parties:

1. request that the Court dismiss this action without prejudice, with each party to bear its own costs, expenses, and attorney's fees;
2. request that the Court direct the Clerk of the Court to close this action, but reserving the rights of the parties to seek to reopen this matter and restore it to the active docket at a later date, upon notice to the opposing parties; and
3. request that the Court continue to retain jurisdiction to enforce the Stipulation and Order.

Dated:   October 21, 2014
         New York, NY

| DEBEVOISE & PLIMPTON LLP | LINKLATERS LLP |
|---|---|
| By: _____ | By: _____ |
| Joseph P. Moodhe | Paul S. Hessler |
| Nwamaka G. Ejebe | Rajeev R. Raghavan |
| 919 Third Avenue | 1345 Avenue of the Americas |
| New York, NY 10022 | New York, NY 10105 |
| (212) 909-6000 | (212) 903-9000 |
| *Co-counsel for CIMC Raffles Offshore (Singapore) Pte. Ltd. and Yantai CIMC Raffles Offshore Ltd.* | *Counsel for Baerfield Drilling LLC and Soratu Drilling LLC* |

Co-Counsel:
SCHULMAN BLACKWELL LLP
Dan J. Schulman
Derie Gerlach
11 Broadway, Suite 615
New York, NY 10004
(646) 688-5214

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:   New York, NY
         October 25, 2014

3